JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Ronald Morgan, Jr. appeals from the order of the trial court that denied his motion to withdraw his guilty plea. For the reasons set forth below, we dismiss the appeal.
 {¶ 2} On May 5, 2005, defendant and three co-defendants were indicted pursuant to a sixty-three count indictment which alleged that, inter alia, the defendants engaged in identity theft and counterfeit check cashing through the use of stolen driver's licenses. Defendant pled not guilty to the charges. On January 9, 2006, defendant filed a pro se Motion to Dismiss Based on Speedy Trial, and on January 10, 2006, he filed a Motion to Disqualify Court-Appointed Counsel.
 {¶ 3} On January 20, 2006, the court denied both pro se motions and defendant pled guilty to theft as alleged in Count Four of the indictment, pled guilty of forgery as alleged in Counts Five through Twelve, and also pled guilty to one count of identity theft.
 {¶ 4} On February 22, 2006, defendant filed a pro se notice of appeal, and on February 23, 2006, he filed a pro se Motion to Withdraw Plea Pursuant to Crim.R. 32.1. The record does not indicate that the trial court ruled upon the motion to withdraw the guilty plea.
 {¶ 5} Thereafter, the state filed a motion to dismiss the appeal for the reasons that the filing of the notice of appeal divested the trial court of jurisdiction to consider the motion to vacate and that the trial court never ruled upon such motion. This court denied the motion at that juncture. Staff Attorney notes suggest that the motion was denied because the notice of appeal indicated that defendant was appealing the "sentence and judgment" and not any ruling pertaining to the motion to vacate the guilty plea. This Court also remanded for clarification of the journal entry pertaining to the sentence.
 {¶ 6} Defendant now appeals and assigns the following error for our review:
 {¶ 7} "The trial court erred in failing to conduct an evidentiary hearing to investigate the claims made in appellant's motion to withdraw his guilty plea."
 {¶ 8} The state of Ohio continues to assert that we are without jurisdiction as the assignment of error pertains to the denial of the motion to vacate which was filed after the notice of appeal and which has never been ruled upon by the trial court.
 {¶ 9} As an initial matter, we note that the filing of a notice of appeal divests the trial court of jurisdiction to consider a motion to withdraw a plea. State v. Winn (February 19, 1999), Montgomery App. No. 17194, citing State v. Haley (July 7, 1995), Greene App. Nos. 94-CA-89, 94-CA-108, and 94-CA-109. The Winn Court stated:
 {¶ 10} "This is consistent with the general rule that after appeal, trial courts retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction. * * * A motion to withdraw a plea is not a collateral issue, because it potentially directly impacts an appeal."
 {¶ 11} Accord State v. Jackson (Mar. 30, 2001), Miami App. No. 2000-CA-48; State v. Godfrey (February 28, 2000), Licking App. No. 99CA95.
 {¶ 12} Further, it would be premature for us to rule on the assignment of error since the trial court has not ruled on the motion in the first instance. Midwest Flooring Lining, Inc. v. Express PaintingCorp., Stark App. No. 2001CA00353, 2002-Ohio-2564; Columbus v.Baba, Franklin App. No. 01AP-341, 2002-Ohio-831.
 {¶ 13} In accordance with the foregoing, the state's contention that this Court is without jurisdiction is well-founded. Accordingly, we dismiss the appeal.
 {¶ 14} The previous ruling on Motion No. 386741 dated July 28, 2006, is vacated.
Dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and MELODY J. STEWART, J., CONCUR