DECISION AND JUDGMENT ENTRY
{¶ 1} John Tomlinson appeals his non-minimum prison sentence from the Pickaway County Common Pleas Court. On appeal, Tomlinson contends that the trial court erred when it based his non-minimum sentence on facts neither found by a jury nor admitted by him. He further asserts that his sentence violates the Ex Post Facto and Due Process Clauses. Because Tomlinson and the State agreed on the prison sentence that the court imposed, we do not address this argument because R.C. 2953.08(D)(1) precludes appellate review. Accordingly, we overrule Tomlinson's sole assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} A Pickaway County Grand Jury indicted Tomlinson for illegal conveyance of drugs onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2), a felony *Page 2 
of the third degree. As part of a plea agreement, Tomlinson agreed to plead guilty to an amended charge of attempt to convey, a felony of the fourth degree, and serve ten (10) months in prison. The court accepted his guilty plea to the amended offense and sentenced him to ten (10) months in prison.
 {¶ 3} Tomlinson appeals, asserting one assignment of error: "THE TRIAL COURT ERRED BY SENTENCING MR. TOMLINSON TO A NON-MINIMUM PRISON TERM BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. TOMLINSON, INCONTRAVENTION OF HIS RIGHTS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION. BLAKELY V. WASHINGTON (2004), 542 U.S. 296,UNITED STATES V. BOOKER (2005), 543 U.S. 220."
 II. {¶ 4} In Tomlinson's sole assignment of error, he contends that the trial court erred when it imposed a non-minimum sentence. He asserts that the court based the sentence on facts neither found by a jury nor admitted by him. He further claims that his sentence violates the Ex Post Facto and Due Process Clauses.
 {¶ 5} R.C. 2953.08(D)(1) states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 6} Here, Tomlinson and the State, as part of a plea agreement, agreed on the prison sentence that the court imposed. In fact, in his brief Tomlinson admits to the *Page 3 
same. He states that he "agreed to accept the State's offer and plea (sic) guilty to an amended charge of Attempt to Convey, a fourth degree felony, and serve ten (10) months in prison for the offense." Therefore, we do not address Tomlinson's arguments because R.C. 2953.08(D)(1) precludes appellate review. See, e.g., State v. Billups, Franklin App. No. 06AP-853, 2007-Ohio-1298, ¶ 8.
 {¶ 7} Accordingly, we overrule Tomlinson's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment and Opinion.
 Abele, J.: Concurs in Judgment Only. *Page 1