[Cite as *State v. Estep*, **2012-Ohio-6296**.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                                 :

    Plaintiff-Appellee,                    :     Case No.   11CA7

    vs.                                            :

WILLIAM K. ESTEP,                              :     DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                   :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:       Sterling E. Gill, II, 1445 Garywood Avenue, Columbus,
                             Ohio 43227

COUNSEL FOR APPELLEE:        J.B. Collier, Jr., Lawrence County Prosecuting Attorney,
                             and Brigham M. Anderson, Lawrence County Assistant
                             Prosecuting Attorney, Lawrence County Courthouse, One
                             Veteran's Square, Ironton, Ohio 45638

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-28-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court judgment of

conviction and sentence.   William K. Estep, defendant below and appellant herein, pled guilty to

(1) felonious assault in violation of R.C. 2903.11(A)(1); and (2) tampering with evidence in

violation of R.C. 2921.12(A)(1).

{¶ 2}   Appellant assigns the following errors for review:[1]

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING [sic] BY IMPOSING THE MAXIMUM SENTENCE OF FIVE YEARS IMPRISONMENT ON APPELLANT FOR COUNT II OF THE INDICTMENT WHEN APPELLANT WAS A FIRST TIME OFFENDER.   FURTHERMORE; [sic] O.R.C. SEC. 2953.98 BESTOWS ON THE APPELLANT AN APPEAL AS A MATTER OF RIGHT."

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING APPELLANT A HEARING ON HIS WITHDRAWAL OF PLEA WHEN APPELLANT'S WITHDRAWAL OF PLEA WAS TIMELY AND THE COURT HAD BEFORE IT SUBSTANTIAL EVIDENCE THAT DEFENDANT-APPELLANT COULD NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER A PLEA IN THE INSTANT CASE."

{¶ 3}   On October 26, 2010, two year old B.M. sustained injury that required immediate hospitalization.   B.M. presented with an "occipital skull fracture," bilateral "rib fractures" and "vertebral compression fractures," and doctors performed an emergency craniotomy to evacuate intercraneal blood.   Appellant explained that his son fell down a flight of stairs, but medical personnel noted it unlikely or unusual for a child to have sustained this degree of injury in that manner.

{¶ 4}   The Lawrence County Grand Jury returned an indictment that charged appellant with felonious assault, child endangering and tampering with evidence.   Pursuant to a plea

---

[1] Appellant neglected to include in his brief a separate statement of assignments of error.   See App.R. 16(A)(3). Thus, we have taken the assignments of error from the table of contents.

agreement, appellant pled guilty to felonious assault and tampering with evidence, and the appellee dismissed the remaining charge. The trial court sentenced appellant to serve eight years in prison for felonious assault and two years for tampering with evidence, with the sentences to be served consecutively for a total of ten years. This appeal followed.

I

{¶ 5} We first consider, out of order, appellant's second assignment of error wherein he argues that the trial court erred by denying a motion to withdraw his guilty plea.

{¶ 6} In the case sub judice, the trial court entered final judgment on April 18, 2011. Appellant filed his notice of appeal on May 9, 2011. On July 1, 2011, appellant filed his motion to withdraw guilty plea. The trial court overruled the motion twelve days later because it lacked jurisdiction. Appellant argues the trial court's decision constitutes reversible error. We disagree.

{¶ 7} As the trial court correctly noted, it did not have jurisdiction to entertain appellant's motion. Generally, the filing of a notice of appeal divests a trial court of jurisdiction to consider a motion to withdraw a guilty plea. *Brody v. Lucci*, 11th Dist. No. 2011–L–139, 2012-Ohio-1132, at ¶30; *State v. Joyce*, 12th Dist. No. CA2011–02–020, 2012-Ohio-140, at ¶12; *State v. Morgan*, 8th Dist. No. 87793, 2007-Ohio-398, at ¶9. Here, the trial court correctly denied appellant's motion and, thus, we hereby overrule appellant's second assignment of error.[2]

II

{¶ 8} In his first assignment of error, appellant asserts that the trial court's sentence

---

[2] Appellant may, however, re-file his motion to withdraw his guilty plea after the conclusion of this appeal.

requiring him to serve what amounts to a ten year prison sentence constitutes an abuse of discretion.[3]   We disagree with appellant.

{¶ 9}   First, R.C. 2953.08(D)(1) precludes appellate review of a sentence that the prosecution and defense jointly recommend, the sentencing judge imposes and the law authorizes.   In the case sub judice, our review of the April 9, 2011 sentencing hearing indicates that appellant and appellee agreed to the terms of the negotiated plea and agreed sentence. Moreover, it does not appear that the sentences extended beyond the maximum allowed by law. Consequently, we need not address appellant's arguments because R.C. 2953.08(D)(1) precludes appellate review.   See, e.g., *State v Tomlinson*, Pickaway App. No. 07CA3, 2007-Ohio-4618; *State v. Dye*, Athens App. No. 06CA24, 2007-Ohio-3934.


{¶ 10}  Second, even if the agreed sentence did not preclude appellate review, we would nevertheless find no merit to this assignment of error.   Appellate review of a trial court's sentence generally involves a two step process. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio- 4912, 896 N.E.2d 124.   First, an appellate court will look to see whether the trial court complied with all applicable rules and statutes. *Kalish*, supra at ¶4.   If it did, the appellate court will review the sentence under the abuse of discretion standard of review. Id.

{¶ 11}  In the case at bar, appellant's eight year sentence for felonious assault is within the

---

[3]   The actual text of this particular assignment of error is somewhat perplexing.    Appellant claims that he is challenging the sentence imposed on count two of the indictment, but, as noted above, count two was nollied.    We presume appellant intends count one.

allowable statutory range, as is the two year sentence for tampering with evidence.[4]   Appellant

argues that the order to serve the sentences consecutively "clearly violates the statute," but he

does not cite the specific statute to support his arguments.

{¶ 12} A sentence is contrary to law if a court fails to follow appropriate statutory

guidelines. *State v. Miranda*, 10 Dist. No. 11AP–788, 2012-Ohio-3971, at ¶4.   In the case sub

judice, we find nothing in appellant's brief to persuade us that the trial court failed to follow the

appropriate statutes, nor have we found anything to support that view in our review of the

sentencing hearing transcript and the judgment entry.   Therefore, the second prong of the *Kalish*

test requires a review for an abuse of the trial court's discretion.   Generally, an "abuse of

discretion" is more than an error of law or judgment; rather, it implies that a trial court's attitude

is unreasonable, arbitrary or unconscionable.   *State v. Herring*, 94 Ohio St.3d 246, 255, 762

N.E.2d 940 (2002).

{¶ 13} First, as the appellee correctly notes, appellant's conviction resulted from a

negotiated plea.   The transcript of the sentencing hearing indicates that the appellee recited the

agreed sentence and that defense counsel agreed to the agreement's terms.

{¶ 14} More important, appellant caused serious physical injury to his two year old son.[5]

The injuries included a skull fracture that required cranial surgery.   We cannot say that an eight

---

[4] Felonious assault, generally speaking, is a second degree felony.   R.C. 2903.11(D)(1)(a).   Tampering with evidence is a third degree felony. R.C. 2921.12(B).   The sentences that can be imposed for second degree felonies range from two to eight years. R.C. 2929.14(A)(2).   The sentences for third degree felonies generally range from twelve to sixty months. Id. at (A)(3)(a).

[5] An affidavit in the Chesapeake Municipal Court described appellant as having   "abuse[d] his child by throwing his 23 month old son [B.M.] against a hard wood wall while being agitated and then dropped [him] onto a piece of wood on the floor."

year sentence for that crime is unreasonable, arbitrary or unconscionable.   As for tampering with evidence, although this crime was precipitated by the assault on his son, it did not, as appellate suggests, arise from the same event.   Rather, appellant committed this crime separately when he attempted to conceal his culpability for the assault.   Also, the trial court imposed a sentence on the lower end of the allowable spectrum for this offense and this is certainly reasonable.

{¶ 15} Consequently, in view of the facts and circumstances involved in this case, we cannot conclude that appellant's sentences constituted an abuse of the trial court's discretion.

{¶ 16} Having considered the errors appellant assigned and argued, and having found merit in none, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee to recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to

the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.