[Cite as *State v. Hunter*, 2013-Ohio-5022.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99472

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH J. HUNTER

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-566887

**BEFORE:** Jones, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 14, 2013

**ATTORNEY FOR APPELLANT**

Kenneth W. Finley
15008 Lorain Avenue
Suite 6
Cleveland, Ohio 44111


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Adam M. Chaloupka
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Kenneth Hunter, appeals his conviction and sentence. We affirm.

{¶2} On December 3, 2012, Hunter pleaded guilty to one count of breaking and entering and one count of vandalism stemming from the damage he caused to three commercial air conditioners and the theft of copper and aluminum from those units. The trial court immediately proceeded to sentencing and sentenced Hunter to 12 months in prison for breaking and entering and 18 months in prison for vandalism, to be served consecutively. The court further ordered restitution in the amount of $29,800.

{¶3} On January 22, 2013, Hunter filed a motion to withdraw his guilty plea with the trial court. On January 28, 2013, Hunter filed a pro se motion for leave to file a delayed appeal and a notice of appeal with this court. In his notice of appeal, Hunter indicated he was appealing his conviction and sentence and attached the judgment entry of conviction from December 3, 2012.

{¶4} On February 6, 2013, the trial court denied his motion to withdraw his guilty plea. On February 26, 2013, this court granted the motion for leave to file a delayed appeal.

{¶5} On appeal, Hunter raises three assignments of error:

I. The trial court abused it's [sic] discretion and committed prejudicial error by denying Defendant's Motion to withdraw his plea without holding a hearing concerning same.
II. The trial court committed error by not instructing Defendant concerning his appeal rights at the time of sentencing.

III. The Defendant was denied effective assistance of counsel.

{¶6} In his first assignment of error, Hunter claims that the trial court erred in denying his motion to withdraw his guilty plea. The state contends that the issue of Hunter's motion to withdraw his guilty plea is not properly before this court because it was not included in his notice of appeal.

{¶7} As an initial matter, we must determine whether the trial court had jurisdiction to rule on Hunter's motion to withdraw his guilty plea. This court has previously held that the filing of a notice of appeal divests the trial court of jurisdiction to consider a motion to withdraw a plea. *State v. Morgan*, 8th Dist. Cuyahoga No. 87793, 2007-Ohio-398; *State v. Winn*, 2d Dist. Montgomery No. 17194, 1999 Ohio App. LEXIS 511 (Feb. 19, 1999). In *Winn*, the court stated that after a party files a notice of appeal

> trial courts retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction.

*Id.* at *12-*13. But, "[a] motion to withdraw a plea is not a collateral issue, because it potentially directly impacts an appeal." *Id.* at *13.

{¶8} Hunter moved to withdraw his guilty plea on January 22, 2013. He then filed his motion for a delayed appeal contemporaneously with his notice of appeal on January 28, 2013. Although the filing of a notice of appeal usually divests the trial court of jurisdiction to consider a motion to withdraw a guilty plea, in most instances, a defendant is filing a timely notice of appeal, and that appeal is an appeal of right. *See* R.C. 2953.08; Crim.R. 32; App.R. 4. Here, the notice of appeal was untimely filed, and

Hunter had to receive leave from this court to proceed with his appeal, which he did not receive until after the trial court ruled on his motion to withdraw his plea. Therefore, we find that the trial court did have jurisdiction to rule on his motion to withdraw his guilty plea.

{¶9} The state contends that even if the trial court had jurisdiction to consider Hunter's motion, the motion is not properly before this court because it was not included in his notice of appeal, nor did Hunter move to amend the notice of appeal.[1]

{¶10} App.R. 3(D) provides that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." The purpose of a notice of appeal is to apprise the opposite party of the taking of an appeal. "If this is done beyond [the] danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished." *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 259, 436 N.E.2d 1034 (1982).

{¶11} The notice of appeal Hunter filed on January 28, 2013, indicated that he was appealing the trial court's entry of conviction and sentence from December 3, 2012. If Hunter had wanted to appeal the denial of his post-sentence motion to withdraw his guilty plea, he should have either timely filed a notice of appeal designating that judgment under App.R. 3(D) or sought leave from this court to amend his notice of appeal to include that

---

[1] The trial court's denial of Hunter's post-sentence motion to withdraw a guilty plea was a final, appealable order. *State v. Bennett*, 9th Dist. Summit No. 26241, 2012-Ohio-3664, ¶ 15, citing *State v. Kerns*, 9th Dist. Medina No. 11CA0051-M, 2011-Ohio-6788, ¶ 7.

judgment.   *See* App.R. 3(F); App.R. 4(A); App.R. 5(A).   He failed to do either, but we do not find such failure to be fatal in this case.

{¶12} Hunter's delayed notice of appeal was filed pro se.   In the praecipe his assigned attorney subsequently filed, counsel indicated he would be addressing Hunter's motion to withdraw his guilty plea on appeal.   Although counsel should have sought leave from this court to amend the notice of appeal, because we found that the trial court had jurisdiction to rule on Hunter's motion, we exercise our discretion to address this assignment of error.

{¶13} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶14} Hunter argues that his post-sentence motion to withdraw his guilty plea should be treated as a presentence motion because the trial court sentenced him immediately after taking his plea.   We find no merit to this argument.   The trial court expressly informed Hunter before taking his plea that the court could move immediately to sentencing and Hunter's trial counsel waived his right to a presentence investigation report so that the court could proceed to sentencing. Hunter was aware that the court could immediately sentence him and did not object when it did so.

{¶15} Pursuant to Crim.R. 32.1, a post-sentence motion to withdraw a guilty plea may be granted only to correct a manifest injustice.   *State v. Xie*, 62 Ohio St.3d 521, 526,

584 N.E.2d 715 (1992). "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A manifest injustice is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process. *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 6.

{¶16} A post-sentence motion to withdraw a guilty plea is allowable only under extraordinary circumstances and is left up to the discretion of the trial court. *Smith* at 264. Accordingly, we review the trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *McMahon* at ¶ 9. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.* Thus, unless Hunter can show that the trial court acted unreasonably, arbitrarily, or unconscionably in denying his request to withdraw his plea, there is no abuse of discretion.

{¶17} Hunter argues that the trial court erred in denying his motion to withdraw his plea without first conducting a hearing. But the trial court's decision to deny the motion without a hearing is also granted deference. *State v. Woods*, 8th Dist. Cuyahoga No. 84993, 2005-Ohio-3425.

{¶18} Deference especially attends in a case, such as the case at bar, in which "the record demonstrates the court conducted the original plea hearing and was familiar with the facts of the case. In such circumstances, the trial court is in the best position to assess the credibility of the movant's assertions." (Citations omitted.) *State v. Atkinson*,

8th Dist. Cuyahoga No. 85773, 2005-Ohio-5348, ¶ 13-14.

**{¶19}** This court has also held that a trial court need not conduct a hearing on a post-sentence motion to withdraw a guilty plea "if the 'record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" *State v. Nicholson*, 8th Dist. Cuyahoga No. 97873, 2012-Ohio-4591, ¶ 17, quoting *State v. Russ*, 8th Dist. Cuyahoga No. 81580, 2003-Ohio-1001.

**{¶20}** Hunter argues that he should have been allowed to withdraw his guilty plea because his counsel misrepresented the plea, which "cost" him an additional six months in prison. The trial court labeled this argument a "mere change of heart." Absent more than Hunter's assertion that his counsel did not properly explain the maximum time he could receive, we agree with the trial court that his motion amounts to no more than a change of heart. Our review of the record indicates that the trial court explained the maximum term of incarceration Hunter faced, Hunter stated he understood the court's explanation, and the court otherwise complied with Crim.R. 11 in accepting Hunter's plea.

**{¶21}** In light of the above, the first assignment of error is overruled.

**{¶22}** In the second assignment of error, Hunter argues that the trial court failed to advise him of his appellate rights at the sentencing hearing. The state concedes this error, but argues that the error was harmless.

**{¶23}** Crim.R. 32(B) provides:

(B) Notification of right to appeal.

* * *

(2) After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed.

(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

Upon defendant's request, the court shall forthwith appoint counsel for

appeal.

{¶24} Although the trial court failed to inform Hunter of his appellate rights, he has not alleged, let alone shown, how he was prejudiced by the omission. The trial court appointed him an appellate attorney, and this court granted him a delayed appeal. Based on this, we find harmless error. *See State v. Thomas*, 8th Dist. Cuyahoga No. 94788, 2011-Ohio-214; *State v. Bari*, 8th Dist. Cuyahoga No. 90370, 2008-Ohio-3663 (both cases finding harmless error where delayed appeal was granted).

{¶25} Therefore, the second assignment of error is overruled.

{¶26} In his third assignment of error, Hunter argues that he was denied effective assistance of counsel.

{¶27} In order to prove a claim of ineffective assistance of counsel with a guilty plea, an appellant must demonstrate that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12. As this court has previously recognized:

> [W]hen a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). "A failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Accordingly, a guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

*State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5.

{¶28} Hunter claims that his defense counsel rendered ineffective assistance because counsel misrepresented the state's offer of a plea bargain; failed to provide mitigating factors at sentencing; and did not counter the victim's description of the crime.

{¶29} Upon review, we find that Crim.R. 11, which governs the taking of pleas to ensure that they are made knowingly, intelligently, and voluntarily, was complied with. Additionally, the sentencing transcript reflects that counsel did provide evidence in

mitigation by informing the court that Hunter had employment, had found a place to live, and was seeking help to stay out of trouble. The transcript also reflects that the trial court was able to separate the statements of the victim in regard to the current theft from other incidents where the victim's property had been damaged or stolen.

**{¶30}** Moreover, Hunter indicated that he was not threatened nor promised anything to enter the guilty plea; that he was satisfied with the representation provided by his attorney; and that he understood by entering a plea of guilty, he would be admitting the charges. Based on our review of the record, trial counsel provided adequate representation during the proceedings.

**{¶31}** Therefore, we are unable to find that defense counsel's performance was deficient or that it caused the plea to be less than knowing and voluntary.

**{¶32}** The third assignment of error is overruled.

**{¶33}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR