[Cite as *State v. Strimpel*, 2018-Ohio-1628.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 106129

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MATHEW R. STRIMPEL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-611614-A

**BEFORE:**    McCormack, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:**    April 26, 2018

**ATTORNEY FOR APPELLANT**

Gregory T. Stralka
6509 Brecksville Road
P.O. Box 31776
Independence, OH 44131


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Aqueelah A. Jordan
Mary M. Frey
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113


TIM McCORMACK, P.J.:

{¶1}    Defendant Matthew R. Strimpel appeals his conviction for gross sexual imposition ("GSI"), felonious assault, and domestic violence following a guilty plea.   For the reasons that follow, we affirm.

{¶2}    On November 29, 2016, Strimpel was charged with two counts of rape in violation of R.C. 2907.02(A)(2), kidnapping in violation of R.C. 2905.01(A)(4), and domestic violence in violation of R.C. 2919.25(A).   The charges stem from an incident involving a woman with whom Strimpel had a relationship.

{¶3}    Strimpel later withdrew his previously entered not guilty plea, and he pleaded guilty to GSI in violation of R.C. 2907.05(A)(1), amended Count 1; felonious assault in violation

of R.C. 2903.11(A), amended Count 3; and domestic violence in violation of R.C. 2919.25(A), with a removal of the furthermore clause of prior convictions. In exchange for his guilty plea, the state agreed to nolle the rape charge in Count 2. The court accepted Strimpel's plea and found him guilty. The court then ordered a presentence investigation report and a psychological evaluation, and it scheduled the matter for sentencing.

{¶4} At the sentencing hearing, the trial court imposed a prison sentence of 16 months on the GSI, 6 years on the felonious assault, and 17 months on the domestic violence. The court ordered the sentences to be served concurrently.

{¶5} On June 28, 2017, Strimpel filed a pro se motion to withdraw his guilty plea. On August 16, 2017, prior to any ruling on his motion by the trial court, the defendant filed a motion for leave to file a delayed appeal with this court (along with a notice of appeal), which we granted. This court then appointed counsel to represent Strimpel on appeal.

{¶6} On appeal, Strimpel raises two assignments of error for our review:

I. The trial court erred when it accepted the appellant's guilty plea at a group hearing that did not permit the trial court to determine the extent of the appellant's ability to understand the consequences of his plea.

II. The trial court's failure to rule on the motion to withdraw the guilty plea should cause a remand back to the trial court on such issue.

{¶7} In his first assignment of error, Strimpel challenges the trial court's acceptance of his guilty plea, contending that his purported "mental condition" prevented his understanding of the plea proceedings, and the trial court's utilization of a group plea hearing prevented the trial court from having a "meaningful dialogue" with Strimpel concerning his mental status. Strimpel argues that the group plea hearing and the court's ordering a psychological evaluation

after the plea raises concerns whether his plea was knowingly, intelligently, and voluntarily made.

**{¶8}** When a defendant enters a plea in a criminal case, "the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *Id.* The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

**{¶9}** Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and (3) the constitutional rights waived by a guilty plea. *State v. Brown*, 8th Dist. Cuyahoga No. 104095, 2017-Ohio-184, ¶ 5, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. Before accepting the guilty plea, the court must address the defendant personally. Crim.R. 11(C)(2); *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 9.

**{¶10}** The reviewing court conducts a de novo review to determine whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26. Where the issue concerns a nonconstitutional requirement, such as whether the defendant understood the nature of the charges or the maximum penalties for the offenses, we review for substantial compliance. *See State v. Jordan*, 8th Dist. Cuyahoga No.

103813, 2016-Ohio-5709, ¶ 46, citing *Veney* at ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

**{¶11}** Moreover, when a nonconstitutional aspect of a plea is at issue, a defendant must show prejudice before the plea will be vacated for a trial court's error involving the court's compliance with Crim.R. 11(C). *Jordan* at ¶ 47, citing *Veney* at ¶ 17. The test for prejudice is whether the plea would have otherwise been made. *State v. Malenda*, 8th Dist. Cuyahoga Nos. 104736 and 104829, 2017-Ohio-5574, ¶ 5.

**{¶12}** Strimpel contends that the court's conducting of a group plea hearing contributed to his plea not being knowingly, intelligently, and voluntarily made. First, we note that there is no general prohibition on conducting group guilty pleas, and in fact, group pleas have been a common practice in the trial courts. *State v. DeVaughn*, 8th Dist. Cuyahoga No. 82843, 2004-Ohio-154, ¶ 4. Whether the court conducts the plea hearing for one offender or multiple offenders simultaneously, the Crim.R. 11 requirements are the same. *See State v. White*, 8th Dist. Cuyahoga No. 95098, 2011-Ohio-1562 (while finding no prohibition on a group plea hearing, the court nonetheless vacated the plea where the trial court failed to inform the defendant of the mandatory term of postrelease control and therefore not meeting the requirements of Crim.R. 11(C)(2)(a)); *State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244 (finding "no reason to invalidate" the pleas that resulted from a group plea hearing where the record reflects the trial court substantially complied with the requirements of Crim.R. 11(C) in accepting the pleas).

{¶13} Here, we find that the court fully complied with all aspects of Crim.R. 11 when taking Strimpel's guilty plea, and there is no indication that the group plea dynamic caused him to not make a knowing, voluntary, or intelligent plea.

{¶14} The court began the hearing by positioning the defendants in order with their respective counsel and reminding the parties to "stand in order so the court reporter and I know who is who." The prosecutor then explained the plea agreement with respect to Strimpel and defense counsel advised the court that the prosecutor's rendition of the agreement was accurate, the parties had fully exchanged discovery, and he had spoken "extensively" with his client. Counsel advised the court that Strimpel would be withdrawing his previously entered plea of not guilty and entering pleas of guilty to the amended charges as outlined by the prosecutor.

{¶15} The court then ensured that each defendant was positioned in order, with their respective counsel, and that they did not speak simultaneously. The court asked each of the five defendants to answer general questions regarding their age, their level of education, whether they were citizens of the United States, whether they were on any court-imposed sanction at the time of their offense(s), and whether they were under the influence of any medication or drugs that would cause them not to understand what was happening at the hearing. Strimpel responded appropriately to each question, advising the court that he understood what was happening at the hearing and he was on "probation through Rocky River" for attempted domestic violence. Upon further questioning, Strimpel indicated that he understood the constitutional rights he was waiving by pleading guilty, that a plea of guilty is a complete admission of guilt, and that the court may proceed directly to judgment and sentence. And when asked if anyone had made any promises, threats, or inducements to cause him to enter a guilty plea, Strimpel replied in the negative.

{¶16} Thereafter, the court explained each of the charges to which Strimpel agreed to plead guilty, the degree of the offense, and the possible sentence. For each offense, Strimpel indicated that he understood the nature of the charge and the potential sentence. The court then explained community control and postrelease control. When asked, Strimpel indicated that he understood the court's explanation. The court further asked each defendant if he was satisfied with the representation he received from counsel, to which Strimpel replied in the affirmative. Finally, the court asked the defendants "if there is anything about your case or these proceedings that you do not understand," to which Strimpel replied, "No, your Honor."

{¶17} At this point, the court asked Strimpel how he wished to plead to amended Count 1, GSI, amended Count 3, felonious assault, and amended Count 4, domestic violence. Strimpel replied, "Guilty, your Honor," each time. Strimpel also advised the court that he understood his Tier 1 sex offender status. Additionally, when the court asked Strimpel if the pleas were "done of your own free will and desire," he replied in the affirmative.

{¶18} After accepting the guilty pleas of the five defendants, the court asked counsel if they believed their clients entered guilty pleas "in a knowing, voluntary, and intelligent fashion." Strimpel's counsel replied, "Yes, your Honor." And counsel advised the court that it satisfied all Crim.R. 11 requirements. At this point, the court accepted Strimpel's plea, found him guilty, and nolled Count 2, on the prosecutor's request.

{¶19} As reflected above, Strimpel was advised of the nature of the charges and maximum penalties, the effect of his guilty plea, and the constitutional rights he was waiving by pleading guilty. When asked if he understood each of the charges, Strimpel answered in the affirmative. And when a defendant indicates that he understands the nature of the charge, "in the absence of evidence to the contrary or anything in the record that indicates confusion, it is

typically presumed that the defendant actually understood the nature of the charge against him." *State v. Wangul*, 8th Dist. Cuyahoga No. 84698, 2005-Ohio-1175, ¶ 10.   Here, Strimpel stated that he understood the charges, and there is nothing in the record to indicate that he was confused, coerced, or did not understand the proceeding or his plea.

{¶20} Strimpel argues that he was deprived of a meaningful dialogue with the court by participating in this group plea.   The record, however, belies his contention.   The record reflects that each defendant was personally addressed, and the court ensured that each defendant responded individually.   The court also provided an additional opportunity for dialogue when it asked whether there was "anything about your case or these proceedings that you do not understand."

{¶21} To the extent that Strimpel argues the court's ordering a psychological evaluation after the plea raises concerns whether his plea was knowingly, intelligently, and voluntarily made, we find no merit.   The fact that the court asked defense counsel prior to scheduling the sentencing hearing, "Has he had a psych report yet? * * * You would prefer one, wouldn't you?" does not establish that Strimpel had mental health issues or that any purported mental health issues prevented his plea from being knowingly, voluntarily, or intelligently made.   Moreover, there is nothing in the record of the plea proceedings indicative of a mental health issue or any condition that would have affected his ability to understand or participate in the plea hearing. Neither Strimpel nor defense counsel indicated that Strimpel had any mental health issues when Strimpel entered his guilty plea.   Nor did Strimpel exhibit any type of behavior during the plea proceedings that would raise concerns regarding Strimpel's mental health or indicate that Strimpel lacked the mental capacity to knowingly, voluntarily, and intelligently enter a guilty plea.

**{¶22}** In light of the above, we find that the trial court complied with Crim.R. 11 in ensuring that Strimpel's plea was knowingly, voluntarily, and intelligently entered, and the record shows, that Strimpel did, in fact, understand the nature of the charges and the proceedings and the implications of his plea. Strimpel has failed to identify any part of the record that demonstrates otherwise.

**{¶23}** Strimpel's first assignment of error is overruled.

**{¶24}** In his second assignment of error, Strimpel argues in the alternative that should the first assignment of error be overruled, the case should be remanded in order to allow the trial court to "address the issues of the attempted withdrawal of the guilty plea."

**{¶25}** Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This court has held that the filing of a notice of appeal divests the trial court of jurisdiction to consider a motion to withdraw a plea. *State v. Hunter*, 8th Dist. Cuyahoga No. 99472, 2013-Ohio-5022, ¶ 7, citing *State v. Morgan*, 8th Dist. Cuyahoga No. 87793, 2007-Ohio-398; *State v. Winn*, 2d Dist. Montgomery No. 17194, 1999 Ohio App. LEXIS 511 (Feb. 19, 1999). In *Winn*, the court stated that

> [t]his is consistent with the general rule that after appeal, trial courts retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction. * * *A motion to withdraw a plea is not a collateral issue, because it potentially directly impacts an appeal.

*Id.* at 12-13. And where a defendant has filed an appeal before the trial court has ruled on the motion to withdraw the guilty plea, this court has no jurisdiction to address that motion.

*Morgan* at ¶ 12 (finding it "premature" for a court of appeals to rule on the assignment of error pertaining to a motion to withdraw guilty plea where the trial court has not ruled on the motion).

**{¶26}** Here, Strimpel moved the trial court to withdraw his guilty plea on June 28, 2017. He then filed his motion for a delayed appeal in this court (which we granted) contemporaneously with his notice of appeal on August 16, 2017. At the time of the filing of the appeal, the trial court had not ruled upon Strimpel's motion to withdraw his guilty plea. To the extent Strimpel argues that the trial court, not the appellate court, should address his motion to withdraw, we agree. Strimpel's concerns with his motion to withdraw are not within the scope of this appeal. We therefore decline to address this assignment of error.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR