OPINION
{¶ 1} Defendants-appellants, Gary and Susan Stewart, appeal from a judgment of the Franklin County Municipal Court in favor of plaintiff-appellee, Lee Loretz, and against defendants in the amount of $1,315.
 {¶ 2} On November 18, 2002, plaintiff filed a complaint in the Franklin County Municipal Court against defendants, alleging unpaid rent and damages. On February 4, 2003, a hearing was held before a magistrate. The magistrate, based on his findings of fact and consideration of the credibility of the witnesses, concluded that plaintiff proved his case by a preponderance of the evidence. Consequently, the magistrate found for plaintiff, and against defendants, in the amount of $1,315. On March 3, 2003, and pursuant to Civ.R. 53(E)(4)(c), the trial court adopted the magistrate's decision and entered judgment for plaintiff in the amount of $1,315. On March 7, 2003, defendants filed an objection to the magistrate's decision, in which defendants argued that the magistrate should have admitted the notarized witness statement into evidence. The trial court overruled defendants' objection to the magistrate's decision and adopted the magistrate's decision. Defendants appeal the judgment of the trial court and assign the following errors:[1]
ASSIGNMENTS OF ERROR
[1.] I was charged for cleaning the house after I moved out the landlord charged me three hundred dollars to clean the premises. This is an error because the landlord tenant laws specifically states that I can leave the house in the same shape as it was when I moved in and as my witnesses stated it was in better shape when I moved out.
[2.] The second error occurred when the magistrate charged me an extra months rent when I have proof as to when I moved out and when I gave him his keys back.
[3.] The third error occurred when I was charged for a door that I didn't damage. His own witness stated that her children were the ones that damaged the door.
 {¶ 3} In each assignment of error, defendants are apparently alleging that the findings of the magistrate, which were adopted by the trial court, were erroneous in view of particular evidence that defendants proffer in the respective assignments of error.
 {¶ 4} In this case, our review of the trial court's judgment is limited to determining whether the trial court abused its discretion. "When a party objects to a magistrate's decision, the party must supply the trial court with a transcript of the hearing or an affidavit as to the evidence presented at the magistrate's hearing." Berk Assoc. v.Levin, Lorain App. No. 01CA007943, 2002-Ohio-3182, at ¶ 7, citing Civ.R. 53(E)(3)(b). The record contains no transcript of the hearing before the magistrate or any affidavit as to the evidence presented at the hearing. "[W]hen no transcript or affidavit is provided to the trial court in support of objections to a magistrate's decision, this [appellate] court is limited to determining whether or not the trial court abused its discretion in adopting the magistrate's decision."Ackroyd v. Ackroyd (June 30, 2000), Lake App. No. 99-L-018. Because no transcript or affidavit as to the hearing was provided in support of defendants' objections to the magistrate's decision, our review is limited to determining whether the trial court abused its discretion.
 {¶ 5} Even though defendants did not file a transcript of the hearing or an affidavit as to the evidence presented at the hearing, the trial court was "obligated to review the magistrate's decision and determine whether there was an error of law or other defect on the face of the decision." Walther v. Newsome, Portage App. No. 2002-P-0019, 2003-Ohio-4723, at ¶ 22, citing Civ.R. 53(E)(4)(a). In the case at bar, the trial court reviewed the magistrate's factual findings and conclusions of law and adopted the decision in its entirety. Upon our review of the magistrate's decision, we find no error of law or other defect on the face of the decision. Therefore, we hold that the trial court did not abuse its discretion when it adopted the magistrate's decision. Consequently, we overrule defendants' three assignments of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Bowman and Watson, JJ., concur.
[1] Rather than setting forth their assignments of error individually, defendants have presented their assignments of error within one paragraph. We have extracted what we construe as defendants' three assignments of error from that paragraph.