DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentence of the Wood County Court of Common Pleas which imposed sentence upon appellant, Troy Wheeler, without performing the sentencing analysis set forth in R.C. 2929.12. For the reasons set forth below, the matter is reversed and remanded for resentencing.
 {¶ 2} On appeal, appellant sets forth a single assignment of error:
 {¶ 3} "The trial court erred in expressly refusing the [sic] consider the statutory factors under revised code 2929.12 in imposing a term of imprisonment."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On November 18, 2004, appellant was indicted on one count of burglary in violation of R.C.2911.12(A)(1), one count of sexual imposition in violation of R.C. 2907.06(A)(1), and one count of burglary in violation of R.C. 2911.12(A)(4). Pursuant to a negotiated plea agreement, appellant pled guilty to one count of burglary, one count of sexual imposition, and an amended count of criminal trespass.
 {¶ 5} On October 17, 2005, appellant was sentenced to a term of imprisonment of two years for the burglary conviction, 60 days for the sexual imposition, and 30 days for the criminal trespass conviction. On November 7, 2005, a timely notice of appeal was filed.
 {¶ 6} In the sole assignment of error, appellant maintains the trial court erred at sentencing in failing to engage in the sentencing factor analysis delineated in R.C. 2929.12.
 {¶ 7} R.C. 2929.12(A) states in relevant part, "In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principals of sentencing." Appellant correctly claims that the trial court failed to engage in the above-referenced sentencing analysis in imposing sentence upon appellant. Appellee candidly concedes both the failure to engage in the sentencing analysis and the need to reverse and remand for resentencing based upon that failure to perform R.C. 2929.12 analysis.
 {¶ 8} We simply note the language of R.C. 2929.12(A) unequivocally states, "The court shall consider the factors." The language is clearly mandatory in nature. Our review of the sentencing transcript reveals the trial court conceded at sentencing it had not engaged in this requisite analysis. The transcripts states in relevant part:
 {¶ 9} "Mr. Hart: So the court did not engage in any analysis comparing the necessary seriousness and recidivism factors in this case?"
 {¶ 10} "The Court: Correct."
 {¶ 11} Given the confines and clarity of the issue and the concurrence of both parties of the required remedy, we need not belabor our analysis. The trial court indisputably failed to perform the requisite sentencing analysis of R.C. 2929.12 prior to imposing sentence upon appellant. This error requires the matter be reversed and remanded for resentencing. We find appellant's sole assignment of error well-taken.
 {¶ 12} On consideration whereof, we reverse the judgment of the Wood County Court of Common Pleas and remand solely for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Skow, J., Parish, J., concur.