[Cite as *State v. Hooks*, 2020-Ohio-1652.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-19-1105

    Appellee                                  Trial Court No. CR0201801356

v.

Christopher Michael Hooks            **DECISION AND JUDGMENT**

    Appellant                                 Decided:  April 24, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Brian Morrissey, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal by appellant, Christopher Hooks, from the April 23, 2019

judgment of the Lucas County Court of Common Pleas.  For the reasons that follow, we

affirm.

**{¶ 2}** Appellant sets forth three assignments of error:

    I.  The Trial Court's Sentence Is Contrary To The Purposes of Felony Sentencing Pursuant to R.C. 2929.11 and R.C. 2929.12.

    II.  The Trial Court Committed Error To The Prejudice of Appellant By Imposing The Costs Of Supervision, Confinement, and Counsel Without Consideration Of Appellant's Present Or Future Ability To Pay.

    III.  A Pre-Sentence Investigation Should Be Required To Be Done When Prison Time Is Being Imposed By The Court.

**Facts**

**{¶ 3}** On February 27, 2018, appellant was indicted on two counts of burglary and one count of receiving stolen property.  Appellant pled not guilty.

**{¶ 4}** On April 22, 2019, appellant withdrew his plea of not guilty and entered a guilty plea to two counts of burglary, both felonies of the third degree, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).  The negotiated plea included:  a jointly recommended agreed upon sentence of four years of incarceration, two years for each burglary count, with the sentences to run consecutively; dismissal of the receiving stolen property charge; and a restitution order of $5,410.

**{¶ 5}** The sentencing hearing was also held on April 22, 2019.  Appellant was sentenced to two years in prison on each count of burglary, with the sentences to run consecutively, and three years of mandatory postrelease control.  Appellant was found to have or reasonably may be expected to have, when he is released from prison, the ability

2.

to pay the costs of supervision, confinement and assigned counsel, as well as restitution in the amount of $5,410, "given his youth, health and employability." At the end of the sentencing hearing, the court dismissed the receiving stolen property charge. Appellant timely appealed.

## First Assignment of Error

{¶ 6} Appellant argues his sentence is contrary to the purposes of felony sentencing because the trial court did not properly take into consideration the factors in R.C. 2929.11 and 2929.12. Under R.C. 2929.12(B), appellant contends the court did not consider: the victims did not suffer physical or mental injuries; appellant did not hold a public office or position of trust in the community, nor did his occupation, profession, professional reputation or relationships with the victims facilitate the offenses; appellant did not commit the offenses for hire or as a part of an organized criminal activity; and appellant was not motivated by prejudice based on race, ethnic background, gender, sexual orientation or religion in committing the offenses. Appellant asserts, under R.C. 2929.12(C)(3), the court did not consider that there were no allegations that he intended to cause or caused physical harm to the victims, and under R.C. 2929.12(D)(1) and (4), the court did not consider that he was not on postrelease control when the offenses were committed, nor was there a demonstrated pattern of alcohol or drug abuse.

{¶ 7} The state counters the imposition of a jointly recommended sentence authorized by law precludes appellate review of the sentence, pursuant to R.C.

3.

2953.08(D)(1). Notwithstanding, the state contends the trial court complied with its obligations under R.C. 2929.11 and 2929.12.

## Law

{¶ 8} Our review of a felony sentence is generally governed by R.C. 2953.08(G)(2). *See State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425. However, R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 9} "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 20. "[I]n the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 43.

{¶ 10} The statutory sentencing range for a third-degree felony is between 12 and 60 months. R.C. 2929.14(A)(3)(a).

## Analysis

{¶ 11} Upon review, the record reveals that appellant agreed to the four-year consecutive prison term as part of his negotiated plea, and he was sentenced to a prison

4.

term of two years for each count of burglary, which is within the permissible range. *See* R.C. 2929.14(A)(3)(a). Appellant was also sentenced to three years of mandatory postrelease control, which was required by R.C. 2967.28(B)(3). In addition, appellant stipulated to and was ordered to pay restitution totaling $5,410. We find the agreed sentence, including restitution, was jointly recommended, imposed by the sentencing judge and authorized by law. We further find since the sentence is not reviewable under R.C. 2953.08(D)(1), we decline to address the merits of appellant's argument. Accordingly, appellant's first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 12} Appellant argues the trial court erred by imposing the costs of supervision, confinement, and counsel without considering his present or future ability to pay. Appellant claims the court merely concluded he had the ability to pay, but that conclusion is not supported by clear and convincing evidence in the record.

{¶ 13} The state counters the court expressly stated it considered appellant's present and future ability to pay the imposed costs, and the record contains evidence to support appellant's ability to pay the costs of confinement and appointed counsel. The state contends the record shows, at the time of sentencing, appellant was 50 years old, he had no mental health issues and there was nothing to suggest he was unable to work.

## Law

{¶ 14} A court is required, in criminal cases, to "include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." R.C.

5.

2947.23(A)(1)(a). Unlike the costs of prosecution, the imposition of the costs of appointed counsel and confinement must be conditioned on the offender's ability to pay. *State v. Stubbs*, 6th Dist. Sandusky No. S-18-051, 2019-Ohio-2645, ¶ 19. R.C. 2941.51(D) provides, "if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." Further, R.C. 2929.18(A)(5)(a)(ii) authorizes the court to impose, as a financial sanction, "[r]eimbursement by the offender of * * * "[a]ll or part of the costs of confinement * * *." While a hearing is not required, "the court must enter a finding that the offender has the ability to pay and that determination must be supported by clear and convincing evidence of record." *State v. Jobe*, 6th Dist. Lucas No. L-07-1413, 2009-Ohio-4066, ¶ 80. Clear and convincing evidence requires proof which "produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

### Analysis

{¶ 15} Upon review, the record shows the trial court found appellant had or reasonably may be expected to have the ability to pay the costs of supervision, confinement and assigned counsel given his "youth, health and employability." The record includes appellant's age (50 years old), absence of mental illness, lack of other pending criminal charges and relatively short prison term. In addition, the record consists

6.

of numerous pro se filings by appellant which reveal he is literate, as he can read, write and understand the English language. Moreover, there is no evidence in the record which suggests appellant is unable to work. We therefore conclude there is clear and convincing evidence in the record to support the court's finding that appellant has the ability to pay the costs of assigned counsel, confinement and supervision. Accordingly, appellant's second assignment of error is not well-taken.

## Third Assignment of Error

{¶ 16} Appellant contends a presentence investigation report ("PSI") should be ordered in felony cases when the court imposes prison time. Appellant references Crim.R. 32.2, and argues as a matter of policy, courts should be required to order a PSI before imposing prison time on a defendant.

{¶ 17} The state counters appellant's concerns and policy arguments regarding a PSI are inapplicable because his plea agreement included a jointly recommended sentence. The state notes appellant agreed to proceed directly to sentencing after entering his plea, and the court imposed the sentence to which appellant stipulated. Thus, the state contends appellant failed to demonstrate any prejudice due to the court's failure to order a PSI.

## Law

{¶ 18} R.C. 2947.06(A)(1) provides in pertinent part that "[t]he court shall determine whether sentence should immediately be imposed. The court on its own motion may direct the department of probation * * * to make any inquiries and

7.

presentence investigation reports that the court requires concerning the defendant." In addition, "[t]he decision to order a presentence report lies within the sound discretion of the trial court. Absent a request for a presentence report in accordance with Crim.R. 32.2, no grounds for appeal will lie based on a failure to order the report, except under the most exigent of circumstances." *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph four of the syllabus.

## Analysis

{¶ 19} Upon review, the record shows the court accepted appellant's negotiated plea, which included a jointly recommended sentence. The court then asked appellant's counsel if he wished to proceed directly to sentencing; counsel agreed. Thereafter, the court queried appellant's counsel and appellant if either man desired to speak; each man declined. The court proceeded to impose upon appellant the jointly recommended sentence. We find nothing in the record which indicates that the court abused its discretion in not ordering a PSI prior to sentencing appellant to the stipulated prison sentence. Accordingly, appellant's third assignment of error is not well-taken.

## Conclusion

{¶ 20} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.