[Cite as *Peterson v. Johnson*, 2021-Ohio-3852.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Mary A. Peterson

    Appellant/Cross-appellee

v.

Matthew Johnson

    Appellee/Cross-appellant

Court of Appeals No.  E-20-009

Trial Court No.  2010 DR 0008

**DECISION AND JUDGMENT**

Decided:  October 29, 2021

* * * * *

Brent L. English, for appellant/cross-appellee.

Steven J. Kokensparger, for appellee/cross-appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant/Cross-Appellee, Mary A. Peterson ("mother"), appeals the judgment entered by the Erie County Court of Common Pleas on March 24, 2020, ordering her to pay Appellee/Cross-Appellant, Matthew V. Johnson ("father") child support in the amount of $3,507.56, for the "two (2) year period" during which the

parties' minor child was in father's custody. Father appeals the same judgment entry, ordering him to pay mother child support in the amount of $408.47 per month plus processing, effective March 13, 2019. For the reasons that follow, we affirm the judgment of the trial court.

### Statement of the Case and Facts

{¶ 2} On January 7, 2011, mother and father were divorced. The parties have one minor child, who was three years old at the time of the divorce. Mother was designated as the residential parent and legal custodian of the child. Father was ordered to pay child support to mother in the amount of $303.95 per month plus a 2% processing charge for a total of $310.03 per month.

{¶ 3} On September 25, 2012, father filed a motion for reallocation of parental rights and responsibilities. He amended that motion on February 5, 2013. The parties reached a settlement that was submitted to the court on March 21, 2014. Under the terms of the settlement, mother remained the residential parent and legal custodian of the child and father remained her nonresidential parent. Father was granted the standard schedule for parenting time contained in the court's local rules. The child support obligation of $310.03 per month did not change.

{¶ 4} On March 18, 2016, father filed another motion to reallocate parental rights and responsibilities. As part of this motion father sought "[a]n order reallocating the parties' child support to reflect the reallocated parental rights."

2.

{¶ 5} On April 18, 2017, the parties entered into an agreed judgment entry regarding temporary custody of the child. Father was to "temporarily be named the residential and custodial parent of the minor child * * * until further orders of this court." The parties agreed that "[t]his order shall not modify any other provisions of this Court's orders not specifically addressed herein." Nothing in the order modified the prior order of child support. The arrangement, which was initially intended to last about two weeks while mother dealt with a health issue, remained in place until March 13, 2019.

{¶ 6} On May 2, 2017, the Erie County Child Support Enforcement Agency ("Erie County CSEA") filed an "ex parte" motion to suspend father's child support. Although the motion certifies that a copy of the motion and a judgment entry were served on mother and father, mother denies having received a copy of either document. On May 15, 2017, an Erie County juvenile court judge, issued a judgment entry granting the ex parte motion and suspending father's "current order for child support" as of April 18, 2017. On August 3, 2017, mother filed a motion to vacate the judgment entry. That motion was never ruled upon.

{¶ 7} On July 31, 2017, father filed a second amended motion to reallocate parental rights and responsibilities. On August 9, 2017, the trial court issued an interim order regarding custody that did not mention child support. That order also provided that "all previous orders of [the trial court] not specifically modified herein shall remain in full force and effect."

3.

{¶ 8} The case was set for trial on four days in October 2017. Both parties filed trial briefs. Father's trial brief included a claim for child support, as follows: "Father would request a support order in conformity with the recommendations of custody herein."

{¶ 9} The trial was continued, and came on for trial on February 20, 2018, before Magistrate Patrick J. Quinn. Toward the end of the day, Magistrate Quinn recused himself and the remainder of the trial was continued. By agreement, the parenting time order was expanded, although father remained temporary custodian. Child support was not mentioned.

{¶ 10} On April 4, 2018, a visiting judge was appointed by the Supreme Court of Ohio to hear the case. The visiting judge conducted an in-camera interview with the child on August 16, 2018, set a temporary orders hearing for September 7, 2018, and set a five-day trial for December 10, 2018.

{¶ 11} On October 12, 2018, the visiting judge issued an order providing that parenting time with the child was to be divided equally between the parties. No reference was made to child support in the temporary order.

{¶ 12} A trial on father's second amended motion to reallocate parental rights and responsibilities took place before the visiting judge on December 10 to 14, 2018. On March 13, 2019, the trial court issued a judgment entry denying father's motion to modify custody but providing several modifications to the ongoing decision-making and

4.

parenting time orders. Father's request for modification of child support was not adjudicated.

{¶ 13} Father pursued an appeal of the March 13, 2019 decision, but it was ultimately dismissed due to filing errors. Mother filed no appeal. On July 8, 2019, mother filed a motion for an order of child support and, further, renewed her motion to vacate the May 15, 2017 order suspending father's child support obligation as of April 18, 2017, and requested an order reinstating father's child support obligation as of April 18, 2017.

{¶ 14} The motions to vacate and for modification of child support were set for an oral hearing on October 31, 2019. At this point, father pointed out that his request for child support had not been adjudicated by the court and that mother had not paid any child support during the time the child was in father's care. It was his position that he should receive child support for the period of time that he was temporary custodian of the child. After hearing from both parties on this issue, the trial court found that it had not addressed child support in its prior entry and permitted both parties to go forward with their motions.

{¶ 15} A trial was held on the child support motions on January 21, 2020, and on March 24, 2020, the visiting judge issued a three-page decision. The court stated that it had not addressed the issue of child support in its March 13, 2019 judgment entry, because "the matter of child support had been addressed by Judge DeLamatre in the

5.

Juvenile Court Division and therefore [the] Court believed that the issue would be addressed in Juvenile Court." The court went on to state that "[t]he Court through filings and pretrial discussion with counsel learned that the matter was not addressed by the Parties in Juvenile Court and instead Motions were filed or pending in this Court, the Domestic Relations Division[,] and the Parties requested a hearing in this Court." Regarding father's request for child support, the court stated:

> Based upon [mother's attorney's] argument that Father had not filed a Motion for Support during the time he had the minor child * * * in his custody the Court reviewed the Court file and finds that [father's] prior counsel did, in fact, incorporate a Request for Child Support in [father's] March 2016 filing for custody. [Father's] Motion for Support was not heard prior to the December 10-14, 2019 hearing and the Court did not address child support in its entry.

{¶ 16} The trial court found that father had custody of the child from March 18, 2016, to March 13, 2019, for a period of two years. The trial court further found that during the time that father had custody, he did not receive child support from mother.

{¶ 17} The trial court determined that mother had an obligation for support for two years, at $1,753.78 per year, for a total of $3,507.56. This figure was based upon the child support worksheet include in the January 7, 2011 divorce decree. The court further determined that father's child support obligation from March 13, 2019 forward was

6.

$408.47 per month plus a 2% processing charge. The court then offset the amount that mother owed against the amount that father owed, resulting in a net figure of $1,639.65 plus 2% administrative processing fee that father owed to mother. On April 3, 2020, the trial court ordered that father was to pay the amount of the arrearage within 60 days.

{¶ 18} Mother timely filed her appeal, and on May 27, 2020, the trial court issued an order granting father's request to stay the March 24, 2020 decision pending appeal.

{¶ 19} In this appeal, mother raises the following assignments of error:

I. The trial court committed reversible error by granting a retroactive modification of child support to Matthew Johnson without a motion being filed and after a final judgment was rendered.

II. Because Matthew Johnson never requested an order of child support during the pendency of the post-decree proceedings, he is precluded from doing so after a final judgment by the doctrine of res judicata.

III. The unserved ex parte judgment "suspending" Matthew Johnson's child support retroactive to April 18, 2017 issued by the Erie County Juvenile Court is a legal nullity.

IV. The trial court committed reversible error by staying execution of the March 24, 2020 judgment without requiring a supersedeas bond.

{¶ 20} In this appeal father raises the following as his sole assignment of error:

7.

I. Appellant is barred from the doctrine of res judicata from pursuing appellant's motion to vacate the trial court decision of May 15, 2017, or refiling her motion to modify/re-establish child support.

{¶ 21} We begin by considering mother's third assignment of error, in which she argues that the May 15, 2017 order suspending father's child support obligation was a legal nullity and, thus, was unenforceable.

{¶ 22} We note at the outset of our analysis that, pursuant to App.R. 3(D), a party's notice of appeal must "designate the judgment, order or part thereof [appealed] from * * *." Moreover, 6th Dist.Loc.App.R. 3(A) requires the appealing party to attach to the notice of appeal a copy of the judgment or order from which the appeal is taken. Where the appealing party takes an appeal from a judgment that involves more than one court case number, and where those cases were not consolidated by the trial court, the party must file a separate notice of appeal for each trial court case number. 6th Dist.Loc.App.R. 3(A)(1).

{¶ 23} In this case, mother did not include the juvenile court's May 15, 2017 order in her notice of appeal. Thus, the juvenile court's order is not before us on appeal. On this basis, mother's third assignment of error is found not well-taken.

{¶ 24} As the issues raised in mother's first and second assignments of error and in father's sole assignment of error overlap, we will consider them together in this analysis. Mother argues in her first assignment of error that the trial court committed

8.

reversible error by granting a retroactive modification of child support to father without father's having filed a motion requesting such relief and, further, by granting the modification after a final judgment was rendered in the matter. She argues in her second assignment of error that because father never requested an order of child support during the pendency of the post-decree proceedings, he is precluded from doing so now by the doctrine of res judicata. Father argues in his sole assignment of error that if res judicata bars the trial court from sua sponte revisiting child support issues preceding its March 2019 decision, then it likewise applies to preclude mother from pursuing her motion to vacate the

May 15, 2017 decision or from refiling her motion to modify/re-establish child support.

{¶ 25} Ohio law is clear that a trial court has broad discretion in determining a modification of child support obligations. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). Thus, an appellate court will not disturb such determinations absent an abuse of discretion. *Id.* An abuse of discretion suggests more than an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Rather, the phrase implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Id.* Accordingly, "'abuse of discretion'" describes a judgment neither comporting with the record, nor reason." *Nolan v. Nolan*, 11th Dist. Geauga App. No.

9.

2009-G-2885, 2010-Ohio-1447, ¶ 33, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925).

{¶ 26} In her first and second assignments of error, mother essentially argues that the doctrine of res judicata prevented father from seeking, and prevented the trial court from subsequently granting, a past due child support order following the March 13, 2019 judgment addressing father's request to reallocate parental rights and responsibilities.

{¶ 27} Pursuant to the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). "Res judicata prevents 'relitigation of issues already decided by a court or matters that should have been brought as part of a previous action.'" *Duczman v. Sorin*, 11th Dist. Lake No. 2017-L-126, ¶ 14, quoting *Lasko v. General Motors Corp.*, 11th Dist. Trumbull No. 2002-T-0143, 2003-Ohio-4103, ¶ 16.

{¶ 28} "The application of principles of res judicata * * * is not mandatory in every case." *Smith v. Ohio Edison Co.*, 11th Dist. Trumbull No. 2014-T-0093, 2015-Ohio-4540, ¶ 9 (citations omitted). "'The doctrine may be said to adhere in legal systems as a rule of justice. Hence the position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require, and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.'" *Id.*,

10.

quoting *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001). With respect to child support, where domestic relations courts have continuing jurisdiction, "res judicata should be applied with the 'strictest of caution in order to prevent a chilling effect on Ohio's legal mechanisms for periodic adjustments to child-support orders.'" *McNabb v. McNabb*, 12th Dist. Warren Nos. CA2012-06-056, CA2012-06-057, 2013-Ohio-2158, ¶ 22, quoting *Keihborth v. Kiehborth*, 169 Ohio App.3d 308, 2006-Ohio-5529, ¶ 15 (5th Dist.).

{¶ 29} The trial court declined to apply the principles of res judicata to the present case. As explained above, the trial court stated that it had failed to address the issue of child support in its March 13, 2019 judgment entry because it mistakenly believed that the matter had previously been addressed in the juvenile court in the May 15, 2017 order. In light of this mistake, and because father had, in fact, incorporated a request for child support in his yet-to-be-heard March 2016 request filing for custody, the trial court permitted both mother and father to go forward on their motions for child support.

{¶ 30} Although mother takes issue with the fact that father never filed an appeal from the March 13, 2019 judgment entry, we again note that mother, too, never filed such an appeal. Instead, just a few months after the judgment was issued, she filed a post-decision motion for modification of child support and a motion to vacate the May 15, 2017 order.

11.

{¶ 31} Mother additionally takes issue with the fact that father never filed a motion requesting child support during the time that he had temporary custody of the child. Instead, his requests were made before and after that period.

{¶ 32} Here, the trial court clearly had continuing jurisdiction under R.C. 3119.79(A) to modify the child support at the request of mother. Under the specific circumstances of this case, where the trial court mistakenly failed to address father's request for child support as the result of its own misunderstanding about whether the matter had been previously addressed in juvenile court, we find no error in the trial court's decision not to apply the doctrine in order to preserve justice.

{¶ 33} Finally, mother challenges the trial court's determination that father "had custody from March 18, 2016 to March 13, 2019." As indicated by the docket and by the trial court's entries, father had temporary custody of the child from April 18, 2017 until the final decision of the parties' motions to reallocate parental rights was filed on March 13, 2019. Although mother argues that father's temporary custody ended on October 12, 2018, when the parties had agreed to equal parenting time while they litigated the motion to reallocate parental rights and responsibilities, the trial court's October 24, 2018 judgment entry memorializing that agreement does not indicate that father was not still the temporary custodial parent. We find that the trial court did not abuse its discretion in awarding child support to father for the "two (2) year period" in which the child was in his custody.

12.

{¶ 34} Finally, because father's assignment of error was conditioned on our concluding that res judicata applied to prevent his award of child support, and because we found that the doctrine of res judicata did not so apply, we dismiss his assignment of error as moot.

{¶ 35} For all of the foregoing reasons, we find mother's first and second assignments of error and father's sole assignment of error not well-taken.

{¶ 36} Lastly, we consider mother's claim, set forth in her fourth assignment of error, that the trial court committed reversible error by staying execution of the March 24, 2020 judgment. In considering this claim, we note that this court previously addressed the matter of the propriety of the stay pending appeal in its November 9, 2020 Decision and Judgment, which was entered in response to mother's Motion to Repeal Unsecured Appeal Bond. As the matter has already been ruled upon by this court, mother's fourth assignment of error is dismissed as moot.

{¶ 37} For all of the foregoing reasons, we affirm the judgment of the Erie County Court of Common Pleas, Domestic Relations Division. Appellant/Cross-appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____
Gene A. Zmuda, P.J.                                                 JUDGE
CONCUR.

_____
JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.