[Cite as *State v. Holbrook*, 2024-Ohio-2837.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                   Court of Appeals No.  H-23-015

    Appellee                                 Trial Court No.  CRI20220746

v.

Chad C. Holbrook                        **DECISION AND JUDGMENT**

    Appellant                                Decided:  July 26, 2024

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Barry R. Murner, Assistant Prosecuting Attorney, for appellee.

Kenneth R. Bailey, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Chad C. Holbrook, appeals the June 26, 2023 judgment of the Huron County Court of Common Pleas finding him guilty of aggravated vehicular homicide with a specification for having multiple prior convictions of operating a vehicle under the influence, failure to stop after an accident, and operating a vehicle under the

influence and sentencing him to an aggregate prison term of eleven to fourteen years. Appellant has raised several assignments of error relating to his jointly recommended and agreed-upon sentence. For the reasons that follow, we find appellant's assignments of error not well-taken and affirm the judgment of the trial court.

## II. Facts and Procedural History

{¶ 2} On October 14, 2022, appellant was indicted by a grand jury in the Huron County Court of Common Pleas in case number CRI 2022-0746 on eleven counts, as follows:

One count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and 2903.06(B)(2)(b)(i), a first-degree felony (count 1);

One count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a) and 2903.06(B)(3), a second-degree felony (count 2);

One count of vehicular homicide in violation of R.C. 2903.06(A)(3)(a), 2903.06(C), and 2903.06(E)(2), a fourth-degree felony (count 3);

One count of failure to stop after an accident in violation of R.C. 4549.02(A)(1)(a) and 4549.02(B)(3)(b), second-degree felony (count 4);

One count of failure to stop after an accident in violation of R.C. 4549.02(A)(1)(a) and 4549.02(B)(3)(a), a third-degree felony (count 5);

One count of operating a vehicle under the influence of alcohol, a drug or a combination of them (OVI) in violation of R.C. 4511.19(A)(1)(a) and 4511.19(G)(1)(b), a first-degree misdemeanor (count 6);

2.

One count of OVI in violation of R.C. 4511.19(A)(2)(a), 4511.19(A)(2)(b), and 4511.19(G)(l)(b), a first-degree misdemeanor (count 7);

One count of obstructing official business in violation of R.C. 2921.31(A) and 2921.31(B), a second-degree misdemeanor (count 8);

One count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(A) and 2921.331(C)(2), a first-degree misdemeanor (count 9);

One count of driving under OVI suspension in violation of R.C. 4510.14(A) and 4510.14(B)(1), a first-degree misdemeanor (count 10);

One count of driving under suspension or in violation of license restriction in violation of R.C. 4510.11(A) and 4510.11(D)(1), a first-degree misdemeanor (count 11).

Counts 1 and 2 also contained a specification for multiple OVI violations under R.C. 2941.1415(A).

{¶ 3} The charges in this case were the result of an incident on October 5, 2022 in Huron County. On that date, the victim was driving his motorcycle on a two-lane state route. Behind the victim were two other vehicles, and appellant was driving the vehicle last in the line. Appellant entered the left lane to pass the middle vehicle. After passing that vehicle, appellant attempted to return to the right lane, and he struck the victim's motorcycle. Appellant then dragged the victim and his motorcycle for a significant distance. Appellant did not stop after the victim and his motorcycle were eventually dislodged from his vehicle, and instead appellant fled the scene. Appellant eventually left his vehicle and ran into nearby woods. An off-duty sheriff's deputy—the driver of

3.

the vehicle appellant had passed—followed appellant as he attempted to escape, and appellant was found hiding by the police approximately two hours later.

{¶ 4} The victim was pronounced dead at the scene.

{¶ 5} Approximately four hours after the accident, appellant's blood alcohol level was 0.191. Appellant was also under community control at the time of the accident due to appellant's conviction in another case. In that case, Huron County Common Pleas case number CRI 2019-0989, appellant was convicted of several misdemeanor charges related to drug abuse and trafficking, and on July 27, 2020, appellant was sentenced to a 3-year term of community control for those convictions. In addition, appellant had a history of OVI convictions, including two OVI convictions in 2002 and one OVI conviction in 2021. At the time of the accident, appellant's driver's license was still suspended in connection with his 2021 OVI conviction.

### Plea Hearing

{¶ 6} After initially pleading not guilty, appellant reached a plea deal with the state. In exchange for the state dismissing all the remaining counts against him, appellant pled guilty to count 2, aggravated vehicular homicide along with the attached multiple OVI specification, as well as to count 5, failure to stop after an accident, and count 6, OVI. At the plea hearing, the state and appellant jointly recommended an aggregate prison term of 11 years for his offenses in case number CRI 2022-0746 and one year for appellant's probation violation in case number CRI 2019-0989, for a total aggregate

4.

prison term of 12 years.[1]  The court indicated that it planned to honor the jointly recommended sentence.

{¶ 7} During the hearing, the court informed appellant that count 2 had a multiple OVI specification attached to it.  The court explained that the specification required appellant to serve an additional three years of mandatory time, which would be part of the jointly recommended sentence.  Appellant indicated he understood, and he did not object or raise any arguments regarding the multiple OVI specification.

*Sentencing Hearing*

{¶ 8} The trial court held a sentencing hearing on June 12, 2023 in both the instant case as well as in case number CRI 2019-0989.  At the hearing, several family members of the victim spoke about the significant impact of appellant's actions.  The court also heard from the appellant, who expressed remorse for his actions.

{¶ 9} Both the state and appellant requested that the court impose the jointly recommended sentence, and the court explained why it was accepting the joint recommendation.  After discussing the purposes of sentencing as set forth in R.C. 2929.11(A), the court continued as follows:

> In looking at the principles of sentencing in Revised Code Section 2929.11 B and C and in passing this sentence, the Court has tried to achieve those overriding purposes by making this sentence reflect the seriousness of the Defendant's conduct and its impact it's had on this family, also to be consistent with sentences for similar crimes and similar defendants and the Court will not base this sentence on race, ethnicity, gender, or religion.

---

[1] As discussed more fully below, appellant has not filed an appeal of case number CRI 2019-0989.

5.

Here, the Court is not going through a recitation of the factors to consider in felony sentencing, as I do believe that the recommendation of the parties to the Court is appropriate because of the interest of the family here, how seriously they have obviously been affected by the offense.

I do want to at least take the opportunity, while I'm not going through each one of those factors, to tell you that I do believe that the plea that was negotiated here did have the Defendant pleading to what he in fact did, which is a very, very serious offense.

I will indicate to you that, based on prior sentencing, the recommendation to the Court here is higher than it would be in a typical case, and that that was certainly due to the factors that, what made this case more significant than others, including the fact that he was on probation at the time and had had prior conduct and prior violations as well.

So, those were all factored in, I'm sure, with the State's agreement to plea. In addition, I'm sure it made it difficult for the Defendant not to accept a sentence of that length. It's a very significant sentence for these charges, as I can tell you from the past history of the Court.

{¶ 10} The court then imposed the parties' jointly recommended sentence. In case number CRI 2022-0746 as to count 2, aggravated vehicular homicide, the court sentenced appellant to a six-year mandatory prison term with a maximum tail of up to nine years, and with a three-year mandatory prison term for the multiple OVI specification. As to count 5, failure to stop after an accident, the court imposed a two-year prison term to be served consecutively to the term imposed for count 2. As to count 6, OVI, the court imposed 20 days in jail to be served concurrently with the sentences imposed for counts 2 and 5. As to case number CRI 2019-0989, the court imposed a one-year prison term for appellant's community control violation, to be served consecutively with the sentences

imposed in case number CRI 2022-0746, for an aggregate prison term of 12 years, consistent with the parties' recommended sentence. The trial court also ordered appellant to pay a fine of $525 and suspended appellant's driver's license for life. Appellant did not assert any arguments or make any objections regarding the sentence.

{¶ 11} Finally, the court granted appellant jail-time credit in case number CRI 2022-0746 for the time he had served since his arrest on the accident date. The court also noted that appellant had previously served 41 days in case number CRI 2019-0989, and therefore he would receive 41 days of jail-time credit for that sentence.

### *Two Sentencing Entries*

{¶ 12} Following the sentencing hearing, the court issued a judgment entry of sentencing on June 26, 2023 reflecting the events of the sentencing hearing as to case number CRI 2022-0746. In the introduction, the entry stated that the court "considered the record and oral statements, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and has balanced the seriousness and recidivism factors in Ohio Revised Code §2929.12." However, the entry later stated that the court "did not address the factors in Ohio Revised Code §2929.12, relying on the joint recommendation of the parties for the purposes of sentencing." The sentencing entry then imposed the sentences as ordered by the court in the sentencing hearing for case number CRI 2022-0746 and gave appellant 250 days of jail-time credit as of June 12, 2023.

{¶ 13} The court issued a separate judgment entry of sentencing for appellant's community control violation in case number CRI 2019-0989.

7.

**{¶ 14}** Appellant filed a timely notice of appeal. His notice of appeal contained only case number CRI 2022-0746 in the caption, and he attached only the judgment entry from case number CRI 2022-0746. Appellant did not file a separate notice of appeal in case number CRI 2019-0989, nor did he attach the judgment entry from case number CRI 2019-0989 to his notice of appeal for this case.

### III. Assignments of Error

**{¶ 15}** On appeal, appellant challenges the sentence imposed by the trial court as follows:

> The Appellant-Defendant believes the trial court made three (3) assignments of error when determining an appropriate sentence: first, the three year specification should not have been applied in this case as his prior OVI conviction used in the determination were more than twenty years before he was charged in this case; second, an incorrect application of time served while the Appellant- Defendant was slated on his probation violation; and third, the overall severity of the sentence when compared to similar offenses.

**{¶ 16}** As a preliminary matter, appellant's assignments of error were presented in paragraph form and not individually stated. His second and third assignments of error contain incomplete or unclear statements. Notwithstanding appellant's failure to properly state his assignments of error as required by App.R. 16(A), we will address what we have construed, based on appellant's arguments in his brief, as each of his three assignments of error below. *See Loretz v. Stewart*, 2003-Ohio-7231, ¶ 2, fn. 1 (10th Dist.) (explaining that because the appellants presented their assignments of error in paragraph form instead

8.

of setting them forth individually, the appellate court "extracted what [it] construe[d] as [the appellants'] three assignments of error from that paragraph").

## IV. Law and Analysis

{¶ 17} We will address appellant's assignments of error in a different order than they were presented, beginning with his first and third assignments of error—which concern the sentence imposed in this case—and then addressing his second assignment of error regarding the sentence imposed in case number CRI 2019-0989.

{¶ 18} R.C. 2953.08(G)(2) sets forth the standard for appellate review of felony sentences. However, R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Accordingly, if a jointly recommended sentence was authorized by law, then the sentence is not reviewable. R.C. 2953.08(D)(1).

{¶ 19} For a sentence to be authorized by law, the sentencing court must have complied with all mandatory sentencing provisions, such as requirements for post-release control. *State v. Underwood*, 2010-Ohio-1, ¶ 21. However, R.C. 2953.08(D)(1) bars appeals that "challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing) [and] 2929.12 (the seriousness and recidivism factors)…" *Id.* at ¶ 22. *See also State v. Hooks*, 2020-Ohio-1652, ¶ 6, 11 (6th Dist.) (holding that appellant's

9.

jointly recommended sentence was not reviewable under R.C. 2953.08(D)(1) and therefore declining to address argument that the trial court did not consider mitigating factors under R.C. 2929.12).

{¶ 20} Accordingly, in addressing appellant's first and third assignments of error, we must first consider whether appellant has identified a portion of his sentence not authorized by law. If appellant has failed to do so, R.C. 2953.08(D)(1) bars our review of his sentence.

### A. The Applicability of the Multiple-OVI Specification

{¶ 21} In his first assignment of error, appellant argues the trial court erred in applying the three-year multiple OVI specification because most of appellant's prior OVI convictions occurred more than 20 years before the accident. The misapplication of a specification that increases a prison term could make the sentence not "authorized by law" and therefore subject to review. *See State v. Estep*, 2012-Ohio-6296, ¶ 9 (4th Dist.) (noting that a jointly recommended sentence for a prison term "beyond the maximum allowed by law" may be subject to review despite R.C. 2953.08(D)(1)).

{¶ 22} In support of his contention that the trial court improperly applied a multiple-OVI specification, appellant points to R.C. 4511.19(A), which appellant claims requires an offender to have previously "pled guilty or been convicted of 'five or more equivalent offenses' within twenty years of the current offense" for a multiple OVI specification to apply. Appellant contends that prior misdemeanor OVI convictions that occurred more than 20 years before the offense cannot be used to "calculate mandatory

10.

terms for multiple OVI specifications under the state statute." Further, appellant claims that Senate Bill 288, which eliminates the inclusion of convictions for operating a vehicle after underage alcohol consumption (OVUAC) in applying multiple OVI specifications to OVI convictions, demonstrates that a lifetime lookback for multiple OVI specifications is disfavored by the General Assembly.

{¶ 23} Appellant appears to be referring to provisions regarding multiple OVI convictions under R.C. 2941.1413 and 4511.19(G)(1)(d). Under those statutes, an OVI conviction is enhanced to a fourth-degree felony with a mandatory prison term of one, two, three, four, or five years if the appellant has been previously convicted of, among other things, five or more OVIs within 20 years of the OVI at issue. R.C. 2941.1413 and 4511.19(G)(1)(d). The enhancement found in R.C. 2941.1413 references only R.C. 4511.19 and does not refer to R.C. 2903.06, the statute for aggravated vehicular homicide offenses. Similarly, R.C. 2903.06 does not refer to a specification for multiple OVI offenses under R.C. 2941.1413. Moreover, we can find no case applying the specification under R.C. 2941.1413 to convictions under R.C. 2903.06. Indeed, had the legislature intended for the specification under R.C. 2941.1413 to apply to charges under R.C. 2903.06, the legislature could have included a reference to the statute. "Under the general rule of statutory construction *expressio unius est exclusio alterius*, the expression of one or more items of a class implies that those not identified are to be excluded." *State v. Droste*, 83 Ohio St.3d 36, 39 (1998). Because R.C. 2941.1413 refers to violations of

11.

R.C. 4511.19 and not violations under R.C. 2903.06, we find no support to apply the specifications under R.C. 2941.1413 to violations of R.C. 2903.06.

{¶ 24} In contrast, the three-year multiple OVI specification in R.C. 2941.1415(A) expressly applies to convictions for vehicular homicide or aggravated vehicular homicide in violation of R.C. 2903.06. That specification requires that the offender have three previous OVI convictions and does not contain any limit for when the prior OVI convictions occurred. R.C. 2941.1415(A). In other words, R.C. 2941.1415(A) has no limiting look back provision.

{¶ 25} In this case, appellant pled guilty to three offenses: count 2, aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a) and 2903.06(B)(3); count 5, failure to stop after an accident in violation of R.C. 4549.02(A)(1)(a) and 4549.02(B)(3)(a); and count 6, OVI in violation of R.C. 4511.19(A)(2)(a), 4511.19(A)(2)(b), and 4511.19(G)(l)(b). The indictment charged him with a mandatory three-year specification for multiple OVI convictions under R.C. 2941.1415(A) in conjunction with count 2, aggravated vehicular homicide. Because there is no time limit for prior OVI convictions to apply the specification under R.C. 2941.1415(A) to aggravated vehicular homicide offenses, appellant's argument regarding the age of his prior OVI convictions does not apply, and his first assignment of error is found not well-taken.

12.

## B. The Severity of Appellant's Sentences

{¶ 26} In his third assignment of error, appellant asserts that the overall severity of his sentences is disproportionate to those imposed on other offenders for similar offenses. In his merit brief, appellant provides details of two other cases involving vehicular homicide in which less severe sentences were imposed. Appellant's merit brief points out that at the sentencing hearing in this case, the trial court judge stated, "It's a very significant sentence for these charges, as I can tell you from the past history of the Court."

{¶ 27} The state argues that because the trial court imposed a jointly recommended sentence, the sentence is not subject to review under R.C. 2953.08(D)(1). The state also argues that the two comparison cases cited by appellant are not actually comparable, pointing out that the sentences imposed in this case reflect significant additional circumstances that were not in the other two cases.

{¶ 28} In his reply brief, appellant presents a new argument that he did not raise in his merit brief or in the trial court. He claims the trial court did not address the factors in R.C. 2929.12 relating to seriousness and recidivism in imposing his sentences, and therefore his sentence is "contrary to law" under R.C. 2953.08(G), and the judgment imposing his sentences must be reversed. In support, appellant cites three cases that did not involve jointly recommended sentences. *See State v. Wheeler*, 2006-Ohio-4434 (6th Dist.); *State v. Jimenez*, 2017-Ohio-1553 (8th Dist.); *State v. Price*, 2016-Ohio-591 (8th Dist.).

13.

**{¶ 29}** As previously discussed, R.C. 2593.08(D) bars review of jointly recommended sentences unless the sentence is not authorized by law. Here, appellant concedes that the trial court imposed a jointly recommended sentence—that is, the trial court imposed the sentence appellant agreed to before the plea hearing and expressly requested at the sentencing hearing. Appellant also does not contend that the sentences are outside the statutory sentencing ranges for the offenses for which he was convicted. Instead, appellant, apparently now inflicted with buyer's remorse, argues that he can agree to and expressly request sentences within the statutory ranges in the trial court, and then on appeal challenge the sentences as too severe, all without citing a single case in support. Appellant's arguments are particularly irreconcilable with the trial court's statements at sentencing explaining that there were factors present in appellant's case that warranted a more severe sentence than in previous cases.

**{¶ 30}** Appellate courts cannot "formulate legal arguments on behalf of the parties, because appellate courts do not sit as self-directed boards of legal inquiry and research, but preside essentially as arbiters of legal questions presented and argued by the parties before them." (Cleaned up) *Risner v. Ohio Dept. of Nat. Resources, Ohio Div. of Wildlife*, 2015-Ohio-3731, ¶ 28. Because appellant has failed to raise any legal support establishing that a court's imposition of more severe sentences in his case than sentences imposed in cases with different circumstances somehow makes his jointly recommended sentences not authorized by law and therefore subject to appellate review, we cannot review his sentences under R.C. 2953.08(D)(1).

14.

**{¶ 31}** Further, this court will not consider appellant's arguments with respect to R.C. 2929.12 because appellant raised those arguments for the first time in his reply brief. *See Gaither v. Kelleys Island Local School Dist. Bd. of Education*, 2023-Ohio-1299, ¶ 30 (6th Dist.) ("Generally, we do not consider issues raised for the first time in a reply brief."). Further, these arguments do not relate to appellant's stated assignment of error, and we must "determine the appeal on its merits on the assignments of error." App.R. 12(A)(1)(b); *see also State v. Curley*, 2024-Ohio-1031, ¶ 45 ("This Court will not address arguments that fall outside the scope of an appellant's captioned assignment of error."); *Freedom Mtge. Corp. v. Mullins*, 2009-Ohio-4482, ¶ 33 (10th Dist.) (declining to address arguments not relating to the assignment of error); *Atwater Twp. Bd. of Trustees v. Welling*, 2009-Ohio-4451, ¶ 43 (11th Dist.) (holding that an argument may not be considered, even if meritorious, if it does not relate to the assignment of error as framed).

**{¶ 32}** Accordingly, appellant's third assignment of error is not well-taken.

### C. Jail-Time Credit for Sentence Imposed in Case Number CRI 2019-0989

**{¶ 33}** Finally, appellant's second assignment of error contends that the trial court erred in failing to apply additional jail-time credit to his sentence for his community control violation in case number CRI 2019-0989. Appellant has failed to perfect his appeal, which bars our consideration of this assignment.

**{¶ 34}** 6th Dist.Loc.App.R. 3(B) requires an appellant to file a separate notice of appeal for each case number being appealed, as follows:

15.

If appealing from a judgment that has more than one trial court case number and the cases were not consolidated by the trial court, a party must file a separate notice of appeal for each trial court case number. A party is required to file only one notice of appeal from a judgment entered in cases which were consolidated in the trial court. The notice of appeal must list all consolidated trial court case numbers.

*See also Peterson v. Johnson*, 2021-Ohio-3852, ¶ 22 (6th Dist.) ("Where the appealing party takes an appeal from a judgment that involves more than one court case number, and where those cases were not consolidated by the trial court, the party must file a separate notice of appeal for each trial court case number.").

{¶ 35} Although the trial court imposed the sentence for appellant's community control violation in CRI 2019-0989 at the same sentencing hearing as it imposed appellant's sentences for his convictions in CRI 2022-0746, the two cases were not consolidated in the trial court, and the court issued separate judgment entries for appellant's sentences in the two cases. Appellant did not file a separate notice of appeal for case number CRI 2019-0989, did not include case number CRI 2019-0989 in the caption of his notice of appeal in case number CRI 2022-0746, and did not attach the trial court's judgment entry imposing the one-year prison term for appellant's community control violation in CRI 2019-0989 to his notice of appeal in case number CRI 2022-0746. Accordingly, no timely notice of appeal was filed in case number CRI 2019-0989, and we do not have jurisdiction to consider any assignments of error related to that case. *See State v. Johnson*, 2021-Ohio-4447, ¶ 5 (6th Dist.) ("A party's failure to file a timely notice of appeal deprives an appellate court of jurisdiction to hear the appeal.").

16.

**{¶ 36}** Appellant's second assignment of error is found not well-taken.

### V. Conclusion

Appellant's assignments of error are overruled. We affirm the June 26, 2023 judgment of the Huron County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                  _____
                                                       JUDGE

Gene A. Zmuda, J.                 

                                             _____
Myron C. Duhart, J.                JUDGE
CONCUR.

                                             _____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.